## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:                                                  )
                                                        )
MEDICAL STAFFING SOLUTIONS, INC.        )      Case No.: 06-11822
                                                        )      Chapter 11
                    Debtor.                             )

## CREDITOR/SHAREHOLDER OBJECTION, WITH SUPPORTING

## MEMORANDUM, TO THE MOTION FOR EXTENSION PERIOD FOR

## DEBTOR TO FILE PLAN OF REORGANIZATION

COMES NOW, Creditors Robert Murphy and Linda Romano, former members of Nurses

PRN, LLC, a true and correct creditor of Debtor, Medical Staffing Solutions, Inc.

("MSSI"), and Shareholders of Nine Million (9,000,000) shares of MSSI, moves the court

to deny Debtors request for extension for Debtor to file plan of reorganization. In support

thereof, states the following:

1. On December 28, 2006 Debtor filed an order of relief and has 120 days from that date

to propose a plan of reorganization. This exclusivity period expires on April 28, 2007.

2. Creditors/Shareholders object to the "for cause" reasons stated in Debtor's motion for

extension. Specifically,

a. Debtor has had sufficient time to negotiate a plan of reorganization. Debtor

tracks sales on a daily basis so there is no delay of critical financial information.

Further, Creditor/Shareholder Murphy provided to Dr. Brajnandan Sahay, CEO ("Dr. Sahay") of Debtor a reorganization plan in January 2006. This plan included drastic cuts and layoffs which if implemented by Dr. Sahay may have avoided bankruptcy. Dr. Sahay's evidenced lack of decisiveness and continued pursuit of illogical investment/sales opportunities will only continue to diminish the value of the remaining assets to the detriment of the Creditors and Shareholders.

b. Debtor is not exhibiting good faith progress toward reorganization as evidenced by the lack of providing a plan or reorganization to the court in a timely manner.

c. Debtor is not paying all bills in a timely manner as reported on the most recent U.S. Trustee Basic Monthly Operating Report filed by the Debtor with this court. Creditors/Shareholders Murphy and Romano petition the Court to request proof of payment and good standing on all Federal, state, and local taxes; all operating expenses to include, but not limited to, Worker's Compensation premiums in all States in which Debtor conducts business; General Liability premiums; all Medical premiums to include Medical and Dental plans; 401K deposits; all rents, phones, utilities, and bills due to operational vendors prior to considering motion for extension.

d. Creditors/Shareholders Murphy and Romano petition the court to request proof of reasonable prospects before considering motion for extension.

e. Creditors/Shareholders Murphy and Romano petition the court to request proof of progress made with largest creditors before considering motion for extension.

3. Debtor falsely states it believed it obtained the Health Care Service Pool License in the purchase of Assets from Nurses PRN, LLC. Debtor was fully aware at purchase of the Dealership program of Nurses PRN, LLC and it was said dealers who owned the Health Care Service Pool Licenses. This procedure, requiring the entity with daily control over the employee maintain the Health Care Service Pool License, which in this case, were the Dealerships, was in compliance with the State of Florida Licensing Board. Debtor fails to state the actual reason for not operating business in the State of Florida is due to Debtor's lapse in Worker's Compensation insurance and being unable to legally employ in the State of Florida. This failure to comply with State and contractual requirements resulted in Debtor's loss of it's largest client and its inability to retain new clients.

4. Creditors/Shareholders Murphy and Romano petition the court to request proof and validity of the four potential purchasers/investors before considering motion for extension. Should the Debtor not wish to disclose this publicly, we ask this proof be given with confidentiality directly to this court.

5. Debtor claims it is in the process of rebidding the contracts in the state of California which would generate significant revenue. Debtor is fully aware that contract obtainment does not in and of itself, result in revenue generation. Debtor is required to fulfill the contract requirements by placing qualified field staff into open government positions.

Debtor has a poor history of contract fulfillment as evidenced by over 10 years of operations with consecutive year after year losses resulting in an accumulated losses in excess of $10 million dollars. There is no reason to believe Debtor can be successful today, especially with burden of accumulated debt. Additionally, Creditors/Shareholders Murphy and Romano petition the court to request documentation of adequate Worker's Compensation insurance for the State of California before considering motion for extension. This coverage lapsed at the same time as the Florida coverage in December 2006 and Debtor will not be able to legally fulfill the State of California Government contracts without this required coverage.

6. Creditors/Shareholders Murphy and Romano petition the court to request Debtor to provide proof to the Court that the cash collateral agreement provides sufficient cash flow to Debtor to maintain sustainability and timely creditor payments before considering motion for extension and that the Internal Revenue Service is in full agreement with the proposed payment plan filed by the Debtor on the past due taxes.

7. Debtor states potential recoveries in excess of $1 Million in the adversarial proceedings against Murphy and Romano is without merit. Murphy and Romano have no appreciable assets other than MSSI shares, which are currently being held as collateral by Creditors Adamjee and Dowling until repayment of their debt owed by Debtor is satisfied; nor do Murphy and Romano have any insurance policies that would result in any cash consideration to the Debtor in the very unlikely event Debtor prevails in proceedings. Dr. Sahay is fully aware, and has always known of, the very poor financial condition of

Murphy and Romano. Debtor's pursuit of this action is clearly retaliatory in nature and a

misguided attempt to divert responsibilities which rest solely with Debtor.

Further, Creditors/Shareholders request "grab back" on payment made in 2006 to Plaintiff

Ali in the amount of $1.4MM which was personally guaranteed by Dr. Sahay. This was a

preferential transfer of company assets and depletion of operating capital which caused

the ultimate demise of Debtor and absolved Dr. Sahay of his personal liability.

8. Creditors/Shareholders Murphy and Romano petition the court to request

documentation that Debtor can pay the millions of dollars owed in pre-petition debt from

post petition revenues before considering motion for extension.  Additionally, Debtor's

sharply declining revenues make it a poor prospect for sale of assets. Debtors business

has declined by approximately 85% since filing Chapter 11, with average weekly revenue

dropping from in excess of $300,000 to lower than $60,000. The Debtors reputation in

the industry has been irreparably harmed by its bad faith actions, specifically (a)

numerous bounced checks to its employee nurses, (b) not informing nurses that the

company worker's compensation plan was cancelled and allowing nurses to work without

statutory coverage for almost three months, and (c) numerous contract breaches with its

largest clients while not keeping them truthfully informed.

9. Creditors/Shareholders Murphy and Romano petition the court to request proof of

Debtor's statement that Creditors are not being held hostage by Debtor before considering

motion for extension.

10. Creditors/Shareholders Murphy and Romano request the Court deny exclusivity and extension allowed under Section 1121 and consider placement of a Receiver for Debtor to preserve the little value that may be left in the goodwill of the company. Creditors/Shareholders Murphy and Romano have offered to assist in locating a suitable qualified buyer for the remaining assets of the company.

11. Debtor states additional time is needed to determine if California and Florida become viable operating states. Even if the California contracts are renewed and the Florida Pool License and Worker's Compensation coverage obtained, that is not an indicator of increased revenues and sustained operating margin for the Debtor as Debtor will be responsible for contract fulfillment; and as historically evidenced, has a very poor track record. Given the sharp decline in revenue experienced thus far since the Chapter 11 filing, Creditors/Shareholders Murphy and Romano petition the court to request proof of current solvency and deny request for extended time based on proposed future events which may, or may not, prove beneficial to Debtor.

WHEREFORE, Creditors/Shareholders Murphy and Romano petition the court:

1. To deny the 9 month extension and move Debtor to Chapter 7 Bankruptcy status if proof of current solvency can not be evidenced.

2. Due to limited resources that Creditors/Shareholders Murphy and Romano be allowed to appear telephonically at (561) 333-3463 for the May 8, 2007 hearing.

RESPECTFULLY SUBMITTED,

Robert Murphy, Creditor/Shareholder

_____  4/17/2007

Linda Romano, Creditor/Shareholder

_____  4/17/2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Notice was mailed first-class, U.S. Mail, postage prepaid on the 18th day of April, 2007 to the following:

William C. Redden, Clerk
United States Bankruptcy Court
200 S. Washington Street
Alexandria, VA 22314

Linda D. Regenhardt, Esquire
8500 Leesburg Pike, Suite 7000
Vienna, VA 22181-2409

U.S. Trustee
W. Clarkson McDow, Jr.
Office of the U.S. Trustee
115 South Union Street
Alexandria, VA 22314

By: _____
Linda Romano